## Dennison, Appellant, *v.* Lewis.

Where two defendants were sued jointly, and the writ was returned executed as to one of them, and *non est inventus* as to the other, a judgment generally against the defendants was held to be erroneous.

APPEAL from the circuit court of the county of Claiborne.

Collins, for appellant.

Hughes, contra.

Opinion of the court, by TURNER, Justice.

This was an action of debt founded on a sealed note, made by Willoughby and Dennison, payable to the plaintiff below, who issued duplicate writs of capias ad respondendum, one directed to Marion, and the other to Perry county. The one against Dennison, or as to him, was returned executed, the other non est.— The plaintiff Lewis filed his declaration against both on a joint and several sealed note. Dennison appeared, and plea nil debit, and payment, and on issue joined, a verdict was rendered in favor of the plaintiff, for damages, and judgment followed; and no disposition was made of the cause as to Willoughby. The plaintiff in error appealed to this court, and assigns errors as follows, to wit:

1st. That the court erred in rendering judgment against the appellant, when it appears, &c. that the suit was instituted against the appellant and Willoughby, and the suit remains undisposed of against Willoughby, &c.

2d. That the note sued on is not a sealed instrument, but a promissory note.

3d. That the judgment is in assumpsit, when the action is debt, and the judgment vague and uncertain.

44*

Dennison, Appellant, *v.* Lewis.

We consider that the judgment should be reversed on the first assignment of error. The case should have been disposed of as to all the parties. There is no judgment of dismissal or discontinuance as to Willoughby.

As to the second ground, the bill of exceptions, which appears on a separate piece of paper, is not embraced in the transcript of the record of the judgment, and cannot be noticed; and if it could be, the exception does not appear to have been taken before the jury retired.

The plea of nil debit is irregular, and the verdict informal.

The judgment is reversed, a venire facias de novo awarded, and cause remanded.